UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
OBATAIYE MASSEY,

                    Petitioner,

                                        <u>MEMORANDUM AND ORDER</u>
        -against-                       18-CV-0742 (JS)

SUFFOLK COUNTY,

                    Respondent.
-------------------------------------X
APPEARANCES
For Petitioner:     Obataiye Massey, <u>pro</u> <u>se</u>
                    #18-A-2714
                    Wallkill Correctional Facility
                    Route 208
                    Box G
                    Wallkill, New York 12589-0286

For Respondent:     Lauren Tan, Esq.
                    Suffolk County District Attorney's Office
                    200 Center Drive
                    Riverhead, New York 11901

SEYBERT, District Judge:

        Pursuant to a Plea Agreement with the Government that

included a waiver of his right to appeal or collaterally attack

his conviction and sentence, Obataiye Massey ("Petitioner")

entered a guilty plea to one count of Criminal Possession of a

Firearm in the Second Degree in violation of New York State Penal

Law § 265.03(3) and two counts of Criminal Sale of a Firearm in

the Third Degree, in violation of New York State Penal Law

§ 265.11(1). Following the guilty plea, Petitioner was sentenced

to four years of incarceration with five years of post-release

supervision as to count one, running concurrently with three years

incarceration, followed by three years post-release supervision as to counts two and three.  (Return, D.E., 17, ¶¶ 3, 10.)

On February 1, 2018, Petitioner filed this <u>pro</u> <u>se</u> Petition for a writ of habeas corpus pursuant to 8 U.S.C. § 2254. (Pet., D.E. 1.)  Petitioner claims in his Petition that (1) his guilty plea was not entered knowingly, voluntarily, and intelligently, and (2) he received ineffective assistance of counsel.  For the following reasons, his Petition is DENIED in its entirety.

<u>BACKGROUND</u>

The Court will begin with a general overview, adding greater detail in the ensuing analysis. As is the usual practice, the facts are viewed in the light most favorable to the verdict. See <u>Garbutt v. Conway</u>, 668 F.3d 79, 80 (2d Cir. 2012).

I.   <u>Guilty Plea</u>

On October 16, 2013, Petitioner entered a guilty plea in the County Court of the State of New York, County of Suffolk, as to all three counts of the indictment.  (<u>See</u> Plea Tr., D.E. 18, ECF pp. 44-107, 53:7-60:25.)[1]  Section 265.03(3) of the New York State Penal Law, charged in count one, states in pertinent part that "[a] person is guilty of criminal possession of a weapon in

_____

[1] For ease of reference, the page range of each document included in the State Court Record (D.E. 18), which is not Bates-stamped, is given in ECF pagination.  The citations to the documents themselves bear the page numbers on the documents.

the second degree when . . . such person possesses any loaded firearm.  Such possession . . . shall not constitute a violation . . . if such possession takes place in such person's home or place of business."  Section 265.11 of the New York State Penal Law, charged in counts two and three, provides that "[a] person is guilty of criminal sale of a firearm in the third degree when such person is not authorized pursuant to law to possess a firearm and such person unlawfully either: (1) sells, exchanges, gives or disposes of a firearm or large capacity ammunition feeding device to another person; or (2) possesses a firearm with the intent to sell it."

At Petitioner's guilty plea, the Honorable James Hudson, County Court Judge, asked Petitioner a series of standard plea allocution questions.  Before Petitioner entered his guilty plea, Judge Hudson confirmed that he was competent to plead guilty and that he understood the rights he forfeited by choosing to plead guilty. (See Plea Tr. 47:25-53:13.) The Court stated:

> [A]s part of our plea agreement, in exchange for my promise regarding the proposed more merciful sentence for you, you are being asked to give up and to waive any and all basis that you may have for an appeal and any and all of your appellate rights; do you understand this?

(Plea Tr. 44:23-45:5.) Petitioner confirmed that he understood that he was waiving his right of appeal.  (Plea Tr. 45:8-46:25.)

Petitioner also confirmed that he had enough time to discuss the plea with his attorney and that he was satisfied with his counsel's representation. (Plea Tr. 42:4-14.) Further, Petitioner confirmed that he was not under the influence of any drugs, medicine, alcohol, or substance which could affect his ability to understand the consequences of his guilty plea, (Plea Tr. 47:25-48:5), that his guilty plea was voluntary and of his own free will, (Plea Tr. 47:18-24), and that he was guilty of the charge, (Plea Tr. 53:10-13). Lastly, Petitioner acknowledged that he was aware of the constitutional rights that he was waiving, (Plea Tr. 43:16- 46:25), that he understood the charges he was pleading guilty to, (Plea Tr. 61:12- 62:10), and that he was aware of the maximum and minimum sentence he would face if convicted at trial (Plea Tr. 9:14-18, 11:7-12:5).

Petitioner then admitted that he possessed a 45-caliber firearm on February 28, 2012, he did not possess the firearm in his home or place of business, and that he was acting in concert with another person, namely Jason C. Bullock, whom Petitioner identified as his cousin, satisfying count one of the charges. (Plea Tr. 58:20-59:15.) Petitioner also admitted to having unlawfully sold that firearm to another person, acting in concert with his cousin, satisfying count three of the charges. (Plea Tr. 59:16-60:6.) Lastly, Petitioner admitted to knowingly and unlawfully selling a 22-caliber firearm to another person on

February 16, 2012, satisfying count two of the charges. (Plea Tr. 60:7-22.)  Judge Hudson acknowledged the guilty pleas as fully satisfying the charges before the court.  (Plea Tr. 62:11-13.)

## II.  Sentence

Petitioner was sentenced on November 25, 2013.  Prior to imposing sentence, the court informed Petitioner it considered the plea agreement and the recommendations made by the Government. (Sentencing Tr., D.E. 18, ECF pp. 108-26, 8:25-9:10.)  The People recommended seven years[2] incarceration with five years post-release supervision as to count one. (Sentencing Tr. 8:25-9:3.) The court imposed the sentence it had promised during the plea colloquy (Plea Tr. 9:6-12, 48:23-49:15): four years of incarceration, followed by five years of post-release supervision as to count one. (Sentencing Tr. 9:4-10.)  As to counts two and three, the court imposed the negotiated-for sentence of three years of incarceration and three years of post-release supervision, with all sentences to run concurrently.  (Sentencing Tr. 16:25-17:20.)

## III. Appeal

Petitioner, by counsel, appealed his conviction and sentence to the New York State Appellate Division, Second Department.  Petitioner's sole argument was that his sentence should be modified in the interest of justice, pursuant to Section

---

[2] During the plea colloquy, the People had indicated they would recommend eight years.  (Plea. Tr. 8:25-9:5.)

470.15(2)(c) of the Criminal Procedure Law, on the ground that the sentence imposed was unduly harsh and severe. (Pet'r App. Div. Br., D.E. 18, ECF pp. 38-42, at 3-5.)

On April 24, 2015, the Appellate Division affirmed the sentence and held that it was not excessive. People v. Massey, 131 A.D.3d 548, 14 N.Y.S. 3d 699 (2d Dep't 2015). Petitioner sought leave to appeal to the New York State Court of Appeals. On December 1, 2015, the Court of Appeals denied Petitioner's application for leave to appeal. People v. Massey, 26 N.Y.3d 1090, 44 N.E.3d 945, 23 N.Y.S.3d 647 (2015).

IV.  The Petition

On February 1, 2018, Petitioner filed this petition for writ of habeas corpus, arguing that (1) his guilty plea was not entered knowingly, voluntarily, and intelligently, and (2) he received ineffective assistance of counsel due to his trial attorney's failure to show him certain video and audio recordings prior to his plea sentence. (See Pet. at 6-7.)

DISCUSSION

The Court will first address the applicable legal standard before turning to the merits of the Petition.

I.  The Legal Standard

A habeas corpus petition is not a vehicle to relitigate every issue previously determined in state court. Herrara v. Collins, 506 U.S. 390, 401, 113 S. Ct. 853, 961, 122 L. Ed. 2d 203

(1993).  Rather, a state prisoner seeking habeas relief under Section 2254 must show that he is "in custody in violation of the Constitution or laws or treatises of the United States."  28 U.S.C. § 2254(a).  "[T]he petitioner bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated."  Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997).

Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides, in part, that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was not adjudicated on the merits in State court proceedings unless the adjudication of the claim-(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d)(1).

As the Second Circuit noted in Jones v. Stinson, 229 F.3d 112, 119 (2d Cir. 2000), the Supreme Court has

> construed the amended statute so as to give independent meaning to 'contrary [to]' and 'unreasonable.'  Under the 'contrary [to]' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts.

229 F. 3d 112, 119 (quoting <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts." <u>Williams</u>, 529 U.S. at 413, 120 S. Ct. at 1523. This standard does not require that reasonable jurists all agree that the state court was wrong. <u>See id</u>. at 409-10. Rather, the standard "falls somewhere between 'merely erroneous and unreasonable to all reasonable jurists.'" <u>Stinson</u>, 229 F.3d at 119 (quoting <u>Francis S. v. Stone</u>, 221 F.3d 100, 109 (2d Cir. 2000)).

The Section 2254(d) standard is "difficult to meet" for two reasons. <u>White v. Woodall</u>, 572 U.S. 415, 419, 134 S. Ct. 1697, 1701, 188 L. Ed. 2d 698 (2014) (quoting <u>Metrish v. Lancaster</u>, 569 U.S. 351, 356-57, 133 S. Ct. 1781, 1786, 185 L. Ed. 2d 988 (2013)). First, the term "'[c]learly established Federal law'" applies only to "'the holdings, as opposed to dicta, of [the Supreme] Court's decisions.'" <u>Id</u>. (quoting <u>Howes v. Fields</u>, 565 U.S. 499, 505, 132 S. Ct. 1181, 1187, 182 L. Ed. 2d 17 (2012)). Second, because "an 'unreasonable application of' those holding must be 'objectively unreasonable,' not merely wrong[,] even 'clear error' will not suffice." <u>Id</u>. (quoting <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 1175, 155 L. Ed. 2d 144 (2003)). Thus, "'[a]s a

condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair[-]minded disagreement.'" Id. At 419-20, 134 S. Ct. at 1702 (quoting Harrington v. Richter, 562 U.S. 86, 103, 131 S. Ct. 770, 786-87, 178 L. Ed. 2d 624 (2011) (alteration in original)).

Section 2254(d)(2) further authorizes the federal courts to grant a habeas writ when a claim considered on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). However, to the extent that a habeas petition challenges factual findings, Section 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct" and "[t]he [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. § 2254(e)(1).

Next, assuming a petitioner's claims are cognizable on habeas review, a petitioner must exhaust state court remedies before coming to federal court. Exhaustion of state court remedies requires that a petitioner fairly present the claim in state court, allowing the state court the "'opportunity to pass upon and correct

alleged violations of its prisoners' federal rights.'" Jackson v. Edwards, 404 F.3d 612, 619 (2d Cir. 2005) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971)). "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and the legal premises of the claim he asserts in federal court.'" Jones v. Keane, 329 F.3d 290, 294-95 (2d Cir. 2003) (quoting Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997)). "Specifically, [a petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." Daye v. Att'y Gen. of N.Y., 696 F.2d 186, 191-92 (2d Cir. 1982) (collecting cases).

In addition, a federal court will not review a habeas claim if a petitioner failed to satisfy state procedural requirements, such that the claim was decided at the state court on adequate and independent grounds. Coleman v. Thompson, 501 U.S. 722, 731-32, 111 S. Ct. 2546, 2555, 115 L. Ed. 2d 640 (1991). In addition, claims may be procedurally barred from habeas review even if the state court addressed the merits in the alternative but decided the claim on independent procedural grounds. Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990).

Further, "a claim is procedurally defaulted for the purposes of federal habeas review where 'the petitioner failed to

exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" <u>Reyes v. Keane</u>, 118 F.3d 136, 140 (2d Cir. 1997) (quoting <u>Coleman</u>, 501 U.S. at 735 n.1, 111 S. Ct. at 2557, n.*) (emphasis omitted). Accordingly, the Court could deem such claims exhausted, but "exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted [on] those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding." <u>Woodford v. Ngo</u>, 548 U.S. 81, 93, 126 S. Ct. 2378, 2387, 165 L. Ed. 2d 368 (2006) (citing <u>Gray v. Netherland</u>, 518 U.S. 152, 162, 116 S. Ct. 2074, 2080, 135 L. Ed. 2d 457 (1996); <u>Coleman</u>, 501 U.S. at 744-51, 111 S. Ct. at 2561-65). To obtain review of barred claims, a state prisoner must show either cause for the procedural default and prejudice resulting from said default, or that failing to address the claim would result in a miscarriage of justice. <u>Coleman</u>, 501 U.S. at 749-0, 111 S. Ct. at 2564-65.

Generally, a petitioner bears the burden to establish, by a preponderance of evidence, that his constitutional rights have been violated. <u>Hawkins v. Costello</u>, 460 F.3d 238, 246 (2d Cir. 2006); <u>see</u> <u>also</u> <u>Bonner v. Ercole</u>, 409 F. App'x 437, 438 (2d Cir. 2011). However, because he is proceeding <u>pro se</u>, Petitioner's

submissions are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012) (quoting Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal quotation marks omitted)). The Court will liberally construe the petition and interpret it "'to raise the strongest arguments that [it] suggest[s].'" See, e.g. Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Pro se status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

II. Applicability of Waiver

Generally, "a knowing and voluntary waiver of the right to appeal is . . . enforceable." United States v. Hernandez, 242 F.3d 110, 113 (2d. Cir. 2001). Despite this, the Second Circuit has acknowledged that there are limited circumstances which allow a petitioner to appeal or collaterally attack a conviction despite having waived appeal, including: "(1) the arbitrary practice of sentencing without proffered reasons which . . . could in some cases amount to an abdication of judicial responsibility subject to mandamus . . .; (2) the defendant's right to appeal on the grounds of ineffective assistance of counsel, . . .; and (3) the arguably unconstitutional consideration of naturalized

status." United States v. Rosa, 123 F.3d 94, 98 (2d Cir. 1997) (internal quotation marks and citations omitted). To overcome an appeal waiver, petitioner must allege that he "unknowingly or involuntarily" entered the guilty plea as a direct result of his ineffective assistance of counsel. Ramirez-Hernandez v. United States, No. 09-CV-4107, 2012 WL 1838286, at *4 (E.D.N.Y. May 21, 2012).

Here, Petitioner agreed that he would not file an appeal or challenge his conviction, in exchange for his plea agreement which included a lesser sentence than that which was recommended by the prosecution. (See Plea Tr. 44:16-46:25.)

Upon thorough examination of the underlying record, the Court finds that Petitioner executed the appeal waiver knowingly and voluntarily. During the Petitioner's plea allocution, the court reminded Petitioner that he was being asked to give up and waive any and all bases that he might have for an appeal, and any and all appellate rights. Petitioner agreed that he understood he was giving up his appellate rights. (Plea Tr. 44:23-46:25.) The Court finds the appeal waiver to be enforceable. However, because Petitioner seeks relief based on ineffective assistance of counsel, the Court will nonetheless consider the merits of his claims.

III. Timeliness

        As a threshold matter, the Court finds the instant
Petition untimely.

        AEDPA imposes a one-year statute of limitations to any
application for a writ of habeas corpus by a person in custody
pursuant the judgment of a state court.  28 U.S.C. § 2244(d)(1).
The one-year statute of limitations runs from "'the date on which
the judgment became final by the conclusion of direct review or
the expiration of the time for seeking such review.'"  28 U.S.C.
§ 2244(d)(1)(A).  A petitioner's conviction is considered "final"
"'when his time to seek direct review in the United States Supreme
Court by writ of certiorari expire[s].'"  Williams v. Artuz, 237
F.3d 147, 150 (2d Cir. 2001).  A petition for a writ of certiorari
is timely if it is filed within 90 days of the conclusion of a
direct appeal.  Jimenez v. Walker, 166 F. Supp. 2d 765, 770
(E.D.N.Y. 2001).

        Here, Petitioner's application for a writ of habeas
corpus is untimely because he filed the instant Petition after the
statute of limitations had expired. Petitioner's direct appeal
concluded on December 1, 2015, when the Court of Appeals denied
Petitioner leave to appeal from the Appellate Division, Second
Department's order affirming his sentence.  A timely petition for
a writ of certiorari would have had to have been filed 90 days
later, by March 1, 2016.  Petitioner then would have had one year

to timely commence this proceeding. Accordingly, for his habeas Petition to be timely, it must have been filed by March 1, 2017. However, Petitioner filed his Petition on February 1, 2018, long after the limitations period had expired, making it untimely.

IV. Exhaustion

In addition to being untimely, Petitioner's claim is barred from habeas review.

As the Supreme Court has noted, "[f]ederal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." Martinez v. Ryan, 566, U.S. 1, 14, 132 S. Ct. 1309, 1316, 182 L. Ed. 2d 272 (2012). Petitioner did not raise either of his present claims on direct appeal. Therefore, these claims were not adequately raised in "the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (internal quotations marks and citations omitted). Neither claim is properly exhausted, as petitioner did not "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate

review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1 (1999).

Additionally, as previously discussed, when a claim presented in a habeas corpus petition has not been adequately exhausted, the federal court may conclude that no available procedures remain in state court by which a petition may exhaust his claim. See 28 U.S.C. § 2254(b); see also Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001). "In such a case the habeas court theoretically has the power to deem the claim exhausted." Aparicio, 269 F.3d at 90 (citing Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997)).

Here, as Petitioner has already filed his direct appeal, he no longer has state court remedies available to him because New York's procedural rules prevent him from raising his record-based claims in a successive direct appeal in New York state court. See Moss v. New York, No. 10-CV-5840, 2014 WL 585928, at *9 (E.D.N.Y. Feb. 12, 2014) (citing N.Y. CRIM. PROC. LAW § 440.10(2)(c) (barring review of claims that could have been raised on direct appeal)); Aparicio, 269 F.3d at 91 ("New York does not otherwise permit collateral attacks on a conviction when the defendant unjustifiably failed to raise the issue on direct appeal."). Therefore, the Court finds the claims in the instant Petition are procedurally defaulted.

Further, Petitioner is unable to overcome this procedural hurdle because he has not shown cause for failing to raise these claims on his direct appeal, nor prejudice or a miscarriage of justice if the Court does not review his claims. See Coleman, 501 U.S. at 724, 111 S. Ct. at 2551. However, in an abundance of caution, the Court will proceed to address the merits of the claims.

V.   Valid Guilty Plea

Construing the instant Petition liberally, Petitioner is claiming that he is entitled to habeas relief because his guilty plea is not valid. However, upon reviewing the underlying record in its entirety, the Court finds that Petitioner's guilty plea was both knowing and voluntary.

It is well established that when considering whether a guilty plea is valid, a court must consider "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56, 106 S. Ct. 366, 369, 88 L. Ed. 2d 203 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970)). "Generally a knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea." Whitehead v. Senkowski, 943 F.2d 230, 233 (2d Cir. 1991). In evaluating whether a guilty plea meets this

standard, "[w]hat is essential . . . is that the court determine by some means that the defendant actually understands the nature of the charges." United States v. Maher, 108 F.3d 1515, 1521 (2d Cir. 1997). When considering a petitioner's statements made under oath during a plea proceeding, "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (1977).

The Court has reviewed the guilty plea and finds that Petitioner indicated that he understood the nature of the plea, that he wished to plead guilty to the charges, that he understood both the appellate waiver and the guilty plea itself, that he was proceeding with the guilty plea in a knowing and voluntary manner, and he engaged in a detailed factual allocution. (Plea Tr. 40:6-60:25.)

Further, the record belies Petitioner's contention that he was coerced into pleading guilty. Specifically, Petitioner states that he was told that he would receive a sentence of fifteen years if he did not enter a guilty plea. (See Pet. at 6.) This claim mischaracterizes the plea record, which indicates that Judge Hudson warned Petitioner of the maximum sentence he faced--15 years of incarceration followed by five years of post-release supervision--but also emphasized that he would not be punished for choosing to proceed to trial instead of pleading guilty. (Plea Tr. 11:7-25; 9:19-24.) Here, the court was correct to fully

explain to Petitioner the statutory sentencing range for the crimes charged and doing so was not coercion by any means. Petitioner confirmed so himself, stating on the record that no one had "threatened [him] or coerced [him] to make [him] plead guilty" and the decision was his "alone" and of his "own free will." (Plea Tr. 47:14-24.) Finally, the court paused the proceedings several times so Petitioner could confer with his attorney. (Plea Tr. 7:21-8:24, 12:3-13, 22:19-23:16, 30:1-9.)

In sum, the Court finds that the record supports that Petitioner's guilty plea is valid.

VI.  Ineffective Assistance of Counsel

Petitioner argues that he received ineffective assistance of counsel during his state court proceeding because his attorney did not view certain video surveillance of his crimes with him until the day of his sentence. (Pet. at 6.) This claim is belied by the record, which clearly demonstrates that he viewed the videos before taking a plea. Further, the claim does not rise to ineffective assistance.

Petitioner bears the burden to demonstrate that his counsel's performance was so inadequate as to violate his Sixth Amendment right to assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 696, 104 S. Ct. 2052, 2059, 80 L. Ed. 2d 674 (1984). To prevail, Petitioner must show both (1) "that counsel's representation fell below an objective standard of

reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694.

The first prong requires a showing that counsel's performance was deficient. Constitutionally effective counsel embraces a "'wide range of professionally competent assistance,' and 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" Greiner v. Wells, 417 F.3d 305, 319 (2d Cir. 2005) (quoting Strickland, 466 U.S. at 690, 104 S. Ct. at 2052). The Court examines the reasonableness of counsel's actions under all of the circumstances, keeping in mind that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight.'" Id. at 319 (quoting Rompilla v. Beard, 545 U.S. 374, 408, 125 S. Ct. 2456, 2478, 162 L. Ed. 2d 360 (2005)).

The second prong focuses on prejudice to the petitioner. The petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. A "reasonable probability" means that the errors were of a magnitude such that it "'undermines confidence in the outcome'" of the proceeding. Pavel v. Hollins, 261 F.3d 210, 216 (2d Cir. 2001) (quoting Strickland, 466 U.S. at 694, 104

S. Ct. at 2068).  A habeas petitioner bears the burden of establishing both deficient performance and prejudice.  See United States v. Birkin, 366 F.3d 95, 100 (2d Cir. 2004).

When raising an ineffective assistance of counsel claim in the context of a guilty plea, "petitioner must show that the plea agreement was not knowing and voluntary, because the advice he received from counsel was not within acceptable standards." Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008) (internal quotation marks and citations omitted).  This analysis focuses on the plea agreement process, not on pre-plea occurrences.  Id.  It is clear that "[c]laims by petitioners that their pleas were involuntarily made due to the erroneous advice or unrealized promises made by counsel 'afford an all too easy avenue for the invalidating of conviction pleas of guilty.'"  Hernandez v. United States, 839 F. Supp. 140, 143 (E.D.N.Y. 1993) (quoting United States v. Horton, 334 F.2d 153, 154 (2d Cir. 1964)).  Thus, "when considering the voluntariness of a defendant's plea, courts look to the voir dire of the defendant upon each plea to determine whether the pleas reflected a knowing, free, and rational choice of the alternative open to the accused."  Id. (internal quotation marks and citations omitted).

Here, Petitioner's ineffective assistance of counsel claim is meritless.  To prevail in an ineffective assistance of counsel claim, a petitioner must demonstrate more than

"'undetailed and unsubstantiated assertions that counsel failed to conduct a proper investigation.'" <u>Powers v. Lord</u>, 462 F. Supp. 2d 371, 381 (W.D.N.Y. 2006) (citing <u>Polanco v. United States</u>, No. 99-CV-5739, 2000 WL 1072303, at *10 (S.D.N.Y. Aug. 3, 2000)); <u>see also</u> <u>Lamberti v. United States</u>, No. 95-CV-1157, 1998 WL 118172, at *2 (S.D.N.Y. Mar. 13, 1998) ("The allegations of failure to investigate or to communicate are vague and conclusory. They do not identify counsel's asserted failings with any specificity or show how any different conduct might have changed the result. Such allegations cannot sustain a petition for habeas corpus.").

Again, Petitioner's claim that he did not view the videos until his sentence is inaccurate. He viewed them before taking his plea. (Plea Tr. 2:10-20, 6:11-7:14.) And Petitioner's ineffective assistance of counsel claim is conclusory at best, as Petitioner fails to shed light on how not seeing the video recordings or hearing the audio recordings (which were presented at the plea hearing) before the plea hearing amounted to constitutionally deficient performance. Petitioner had heard the recordings in court prior to pleading guilty. The record thus directly contradicts his assertion that he did not view them until the date he was sentenced. Ultimately, Petitioner fails to point to anything in the record that supports his conclusory assertion that counsel was ineffective during the plea process.

In addition, Petitioner has not been prejudiced by his attorney's representation.  In the context of a guilty plea, to satisfy the second prong of the <u>Strickland</u> test, "a petitioner must demonstrate that there is a reasonable probability that 'a decision to reject the plea bargain would have been rational under the circumstances.'"  <u>Whyte v. United States</u>, Nos. 08-CR-1330, 14-CV-3598, 2015 WL 4660904, at *7 (S.D.N.Y. Aug. 6, 2015) (quoting <u>Padilla v. Kentucky</u>, 559 U.S. 356, 372, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010).  When considering whether a petitioner was prejudiced in the guilty plea context, courts considers whether there was an available defense that petitioner indicates he would have pursued at trial.  <u>See</u> <u>Kovacs v. United States</u>, 744 F.3d 44, 52 (2d Cir. 2014).  Here, Petitioner does not indicate that he would have insisted on proceeding to trial or pursued a viable defense if not for his attorney's alleged error.  By all accounts, the evidence against him was strong, and included videotaped surveillance of his illegal transactions and his own statements.  As such, Petitioner's contention that he received ineffective assistance is without merit.

CONCLUSION

For the foregoing reasons, Petitioner's Petition for a writ of habeas corpus (D.E. 1) is DENIED.  The Court declines to issue a certificate of appealability because the Petitioner has not made a substantial showing that he was denied a constitutional

right.  <u>See</u> 28 U.S.C. § 2253(c)(2).  The Court also certifies that
any appeal of this Order would not be taken in good faith, and
thus his in forma pauperis status is denied for the purposes of
any appeal.  <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82
S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962).  The Clerk of the Court is
directed to mark this matter CLOSED.


                              SO ORDERED.


                              /s/ JOANNA SEYBERT
                              Joanna Seybert, U.S.D.J.

Dated: September __17__, 2019
       Central Islip, New York